# (December 29, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GAINES HEARNS, Respondent. — Order of the Supreme Court, Bronx County (A. Gorfinkel, J.), entered on March 1, 1983, which granted defendant's motion, renewed during

trial, to suppress physical evidence, is reversed, on the law and the facts, the motion is denied, and the matter is remanded for trial. On October 19, 1981, an undercover police officer, Officer Baxter, purchased a small quantity of marihuana in a candy store at 1790 Jerome Avenue in The Bronx. According to the officer's testimony at trial, he entered the candy store as another person exited and held the door for him. As the officer entered the store, defendant-respondent yelled "buzz," and a buzzer sounded allowing the officer to open another door into a small cubicle between the candy store and a social club called "The Turn on to Love Club". The officer testified that once inside the cubicle he was asked by a female voice, "can I help you?" He then asked for a "nickel bag" of marihuana, handed a five dollar bill through a hole in the glass partition, and received a manila envelope containing marihuana. Officer Baxter then left the cubicle and returned to the candy store where defendant activated a buzzer permitting him to leave. Officer Baxter then notified his backup team that he had completed the purchase. Officer Alicea, also undercover, then gained admission to the candy store. He testified that he attempted to hold the door for the backup team, but defendant, still sitting behind the counter, protested, so he closed it. Officer Alicea then asked the defendant for "smoke," and as the backup team arrived, he informed the defendant that the "cops are here." Defendant immediately turned to another man in the rear of the store and said "cops are here, get rid of the stuff." Officer Alicea then identified himself as a police officer and activated the buzzer permitting the backup team to enter. He also buzzed open the door to the cubicle. Officers on the backup team then entered the store and arrested defendant and the other man in the store. Office Massa, a member of the backup team, meanwhile climbed shelving at the rear of the store and looked through wire mesh into the social club, where he saw a female running from the room and heard flushing sounds. He also saw a man behind the bar moving things and another man throwing a plastic bag out the back door. Twice, Officer Massa yelled, "police, don't move." Officers Davey and D'Agneau then gained entry to the social club by breaking through the partition in the cubicle. They heard flushing sounds as they entered the club barroom and arrested the people there. Officer Davey then entered the fenced-in backyard and recovered the plastic bags and 14 tinfoil packets of cocaine. On the bar were additional packets of cocaine as well as marihuana, a scale, and other drug-related paraphernalia. Criminal Term (Joseph Cohen, J.) denied defendant's omnibus pretrial motion to suppress statements made by him to police officers and to suppress the physical evidence seized, holding that there was no basis for a *Mapp* hearing on the physical evidence, and directing that a *Huntley* hearing on the statements be consolidated with the trial. After the other defendants pleaded guilty, defendant-respondent waived his right to a jury trial. During the Bench trial, the People introduced into evidence a certificate of incorporation of the "The Turn on to Love Club", showing the defendant as an incorporator of the club. Thereupon, Trial Term (A. Gorfinkel, J.) granted defendant's motion to renew the motion to suppress, holding that the People had conferred standing on defendant to object to the search, by offering the certificate in evidence. He then ordered the physical evidence suppressed. This was error. While there is a question as to the circumstances which would allow the renewal of the pretrial motion to suppress after the trial has begun (CPL 710.40, subd 4), as well as one of standing (*United States v Salvucci*, 448 US 83; *People v Ponder*, 54 NY2d 160), we determine that Trial Term was in error in holding that the warrantless search by police officers under the circumstances of this case was illegal. The police acted lawfully in promptly entering the commercial premises to arrest the operators of this illegal enterprise inasmuch as the sale provided probable cause. The search thereafter conducted was incident to a lawful

arrest, and the extended search of the social club was reasonable in light of the fact that the cubicle was operated from both the social club and the candy store. Moreover, the search was justified by the exigency of the imminent destruction of evidence as demonstrated by the flushing sounds and the failure of the police to recover the five dollar bill used in the purchase, the serial number of which had been recorded. (See *People v De Santis,* 46 NY2d 82, 87-88.) Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.